IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

CP PRODUCTIONS, INC.,                           No. 1:12-CV-00808-JMS-DML

    Plaintiff,

                                            Judge: Hon. Jane E. Magnus-Stinson
    v.                                          Magistrate: Hon. Debra McVicker Lynch

JOHN DOE,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

On October 12, 2012 the Court ordered that "plaintiff is ordered to show cause, by **November 1, 2012**, why this case should not be dismissed for failure to serve the complaint as required by Fed. R. Civ. Proc. 4(m)." (ECF No. 12.) Plaintiff hereby submits this response and demonstrates that it has good cause for why it has not yet served any Defendant in this action. Plaintiff also respectfully requests an additional three weeks to name and serve the Defendant.

**LEGAL STANDARD**

Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (holding that "where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Even if good cause does not

1

exist, a court can discretionarily extend the time for service of process. *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002) ("the case law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline.").

## BACKGROUND

Plaintiff filed its complaint on June 12, 2012 bringing allegations of copyright infringement, civil conspiracy, and contributory infringement against an unknown defendant. (ECF No. 1.) The next day, Plaintiff filed a motion for leave to take discovery to identify the unknown infringer and his joint tortfeasors. (ECF No. 5.) The Court granted Plaintiff's motion, in part, on June 22, 2012. (ECF No. 8.) Shortly thereafter, in accordance with the Court's order, Plaintiff issued subpoenas on the relevant Internet Service Providers ("ISPs") in order to ascertain the identifying information of the Defendant and his joint tortfeasors in this action. Defendant's ISP, Comcast Cable Communications LLC, provided Plaintiff with the identifying information of the Defendant. In order to avoid wasting judicial resources, Plaintiff attempted to reach a mutually beneficial settlement with the Defendant before naming and serving him in this action. While Plaintiff understands that settlement is greatly preferred, settlement does not seem realistic at this time. Plaintiff intends to name and serve the Defendant.

## ARGUMENT

Because the identity of the Defendant has only recently become known to Plaintiff, Plaintiff has been unable to serve the Defendant in compliance with Rule 4(m). Therefore, Plaintiff has good cause for not yet serving the Defendant in this action. *Panaras*, 94 F.3d at 340. The Court must extend the time for service for an appropriate period. *Id.*; Fed. R. Civ. P. 4(m). Even if the Court were to find good cause does not exist, the Court can discretionarily extend the

time for service of process. *Coleman*, 290 F.3d at 934. This discretion is warranted here because this case presents unusual circumstances. Plaintiff brought this complaint when it did not know, and had no way to know, the actual identity of the Defendant in this case. (ECF No. 1.) Plaintiff has consistently been diligent and expeditious in its attempts to learn the identity of the Defendant in this case.

Plaintiff believes that an additional three weeks is all the time it will need to file an amended complaint naming the Defendant and serve the Defendant with the Complaint. As described earlier, Plaintiff has been in communication with the Defendant and the Defendant is likely to waive service. As a result, service upon Defendant should be straightforward and can be accomplished within three weeks time. The Court should extend the time for service of process for three weeks. *Coleman*, 290 F.3d at 934.

## CONCLUSION

The Court should extend the time for service for three weeks. Plaintiff has shown good cause for the extension. Additionally, due to the unique circumstances of this case this Court should discretionarily extend the time for service.

DATED: November 1, 2012

Respectfully submitted,

/s/ Matthew E. Dumas
Matthew E. Dumas, #24596-49
HOSTETTER & O'HARA
515 N Green Street, Suite 200
Brownsburg, IN 46112
Phone: (317) 852-2422
Fax: (317) 852-3748
E-mail: matt@hostetter-ohara.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Matthew E. Dumas
Matthew E. Dumas