IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CP PRODUCTIONS, INC., | No. 1:12-CV-00808-JMS-DML |
| Plaintiff, | Judge: Hon. Jane E. Magnus-Stinson |
| v. | Magistrate: Hon. Debra McVicker Lynch |
| GERALD L. GLOVER, III, | **AMENDED COMPLAINT** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**AMENDED COMPLAINT – JURY TRIAL DEMANDED**

Plaintiff CP PRODUCTIONS, INC., through its undersigned counsel, hereby files this Amended Complaint pursuant to FRCP 15(a) requesting damages and injunctive relief, and alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff files this action for copyright infringement under the United States Copyright Act and related common law claims of civil conspiracy and contributory infringement to combat the willful and intentional infringement of one of its creative works. Defendant Gerald L. Glover, III and his joint tortfeasors knowingly and illegally, reproduced and distributed Plaintiff's copyrighted creative work, and materially contributed to the infringing conduct by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief.

1

## THE PARTIES

2. Plaintiff CP PRODUCTIONS, INC. is a corporation organized and existing under the laws of the State of Arizona. Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work that is the subject of this Amended Complaint.

3. Plaintiff produces adult entertainment content. It is a small business that employs web design technicians, professional services firms and production staff. When its copyrights are ignored, it is unable to recover its investment in producing content and operating its business. Before the BitTorrent protocol became popular, Plaintiff's works were available primarily through membership subscriptions to its password-protected websites. However, since the rise of the BitTorrent protocol, Plaintiff's works are regularly distributed in violation of Plaintiff's copyrights. The copyrighted work at issue here is one of these videos, "GH Hustlers – Maryjane's Second Visit" (the "Video").

4. Defendant Gerald L. Glover, III is believed to be a serial infringer of copyrights in adult content. Plaintiff's agents have observed this particular individual infringing on multiple copyrighted works involving adult content. Plaintiff's agents observed unlawful reproduction and distribution of the copyrighted work at issue in this case occurring between the Defendant and the Internet Protocol ("IP") addresses listed on Exhibit A, attached hereto, via the BitTorrent protocol. Defendant's IP address, identified as 98.214.106.230 (with his time of infringement indicated as January 19, 2012, 18:57:19 (UTC)) is listed in Exhibit A along with IP addresses of his joint tortfeasors.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the

laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim and the contributory infringement claim under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that these three claims form part of the same case and controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction because, upon information and belief, Defendant resides in the State of Indiana.

7. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District in Indianapolis, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## BACKGROUND

8. BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet.

9. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

10. Standard peer-to-peer ("P2P") protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve

some of the issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

11. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sourcesô often simultaneouslyô which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

12. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

13. The BitTorrent protocol operates as follows. First, a user locates a small õtorrentö file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a

BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

14. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

15. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

16. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

17. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-

piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Plaintiff owns the copyright to the Video.

19. Plaintiff has applied for and received a certificate of copyright registration for the Video from the United States Copyright Office. The registration number is PA0001794007.

20. The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected under the copyright laws of the United States.

21. Plaintiff employs proprietary P2P network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22. Defendant and his joint tortfeasors, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video among themselves and to numerous third parties.

23. By willfully entering a BitTorrent swarm with the intent to download an unlawful copy of the Plaintiff's Video, Defendant and his joint tortfeasors, each and individually, automatically became an uploader as well as a downloader. Defendant and his joint tortfeasors

thereby provided pieces of the Video to other infringing peers in the swarm for them to exchange and distribute, with the overarching purpose that the ever-growing swarm will jointly contribute to the complete download of the Video for all individuals that enter the swarm at any given moment.

24. Plaintiff observed Defendant's and his joint tortfeasors' activities in the torrent swarm specific to the Video and created a log identifying Defendant and his joint tortfeasors by their IP address and the date and time of their unlawful activity. The IP address associated with Defendant is listed on Exhibit A along with IP addresses associated with his joint tortfeasors.

### COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

26. Defendant's and his joint tortfeasors' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27. Defendant and his joint tortfeasors knew or had constructive knowledge that their acts constituted copyright infringement.

28. Defendant's and his joint tortfeasors' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

29. Plaintiff has been damaged by Defendant's and his joint tortfeasors' conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's and his joint tortfeasors' conduct.

30. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31. As Defendant's and his joint tortfeasors' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

### COUNT II – CIVIL CONSPIRACY

32. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

33. In using the peer-to-peer BitTorrent file distribution method, Defendant and his joint tortfeasors engaged in a concerted action with other yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm with their peers.

34. Defendant and his joint tortfeasors downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's Video.

35. Participants in the torrent swarm have conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a complete copy of the file.

36. In furtherance of this civil conspiracy, Defendant and his joint tortfeasors committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and were willful participants in this joint activity.

37. As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above.

## COUNT III – CONTRIBUTORY INFRINGEMENT

38. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

39. Each peer in a unique swarm possesses the same infringing work with the same exact hash value. Therefore, each infringer possesses an exact digital copy, containing the exact bits and pieces unique to that specific file of Plaintiff's original copyrighted work. This happens in a BitTorrent swarm through the sharing of bits and pieces of an identical unique file between the users in the swarm. In essence, although hundreds of users may be uploading the copyrighted work, a single user will receive only the exact parts of a singular upload through that exact swarm, not a compilation of available pieces from various uploads.

40. Defendant and his joint tortfeasors downloaded, uploaded and distributed the Video to other BitTorrent users through use of the protocol in the unique swarm.

41. The people who illegally downloaded the Video accessed this illegal distribution and derived portions of their illegal replication of the file from multiple persons, including, but not limited to, Defendant and his joint tortfeasors.

42. Defendant and his joint tortfeasors knew of the infringement, were each conscious of their own infringement, and Defendant and his joint tortfeasors were fully conscious that their actions resulted in multiple other persons derivatively downloading the file containing Plaintiff's Video.

43. The infringement by the other BitTorrent users who received pieces of the file from Defendant and his joint tortfeasors would not have occurred without Defendant's and his joint tortfeasors' participation in uploading Plaintiff's copyrighted works. As such, Defendant's and his joint tortfeasors' participation in the infringing activities of others is substantial and it

contributed to the infringing activity of thousands of other peers over the Internet across the world.

44. Defendant's and his joint tortfeasors' acts of infringement have been willful, intentional, and purposeful, in disregard of, and indifferent to, the rights of Plaintiffs.

45. As a result of the contributory infringement of the Video by Defendant and his joint tortfeasors, Plaintiff has been damaged, as is more fully alleged in Count I.

## JURY DEMAND

46. Plaintiff hereby demands a jury trial in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1) Judgment against Defendant that he has: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by his acts and conduct set forth in this Amended Complaint;

2) Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

3) Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under their control;

4) On Count II, an order that Defendant is jointly and severally liable to Plaintiff in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to

commit copyright infringement; for an award of compensatory damages in favor of the Plaintiff and against Defendant, jointly and severally, in an amount to be determined at trial;

5) On Count III, an order that Defendant is jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of a common law claim for contributory infringement of copyright; for an award of compensatory damages in favor of the Plaintiff and against Defendant, jointly and severally, in an amount to be determined at trial;

6) Judgment in favor of Plaintiff against Defendant, awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

7) Judgment in favor of the Plaintiff against Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

    Respectfully submitted,

/s/ Matthew E. Dumas
Matthew E. Dumas, Esq., #24596-49
HOSTETTER & O'HARA
515 N. Green St., Suite 200
Brownsburg, IN 46112-2115
317.852.2422 (Phone)
317.852.3748 (Fax)
E-mail: matt@hostetter-ohara.com
*Attorney for Plaintiff*