IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CP PRODUCTIONS, INC.,

     Plaintiff,

v.

GERALD L. GLOVER, III,

     Defendant.

CASE NO. 1:12-cv-00808-JMS-DML

Judge: Hon. Jane E. Magnus-Stinson

Magistrate: Hon. Debra McVicker Lynch

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT GERALD L. GLOVER, III**

Pursuant to the Federal Rule of Civil Procedure 55, Plaintiff requests that the Court enter a judgment by default against Defendant Gerald L. Glover, III ("Defendant Glover"). Defendant Glover was personally served with the summons and amended complaint on November 16, 2012. Defendant Glover failed to respond to Plaintiff's allegations within the time specified by Federal Rule of Civil Procedure 12(a). Therefore, because Plaintiff has shown sufficient facts to establish Defendant Glover's liability and a clerk's default has already been entered on February 19, 2013, the Court should enter default judgment against Defendant Glover.  Based on the actions of Defendant Glover that led to the infringement by thousands of other individuals of Plaintiff's copyrighted work, the Court should enter judgment for at least $150,000 in statutory damages plus $1,425 in attorney's fees and costs to Plaintiff.

**I.      RELEVANT HISTORY**

Plaintiff CP Productions, Inc. is the owner of the copyrighted motion picture "GH Hustlers – Maryjane's Second Visit". (ECF No. 15 ¶ 3.) Plaintiff initially filed this action on

June 13, 2012 against an unknown infringer for copyright infringement and related claim of contributory infringement for illegally downloading and distributing the copyrighted work, "GH Hustlers – Maryjane's Second Visit," through the BitTorrent protocol. (ECF No. 1.) When the suit was filed, Plaintiff did not know the name of the alleged infringer but had identified the Internet Protocol ("IP") address associated with the infringement. (*Id.* ¶ 4.) In order to ascertain the identities of the unknown infringers, Plaintiff sought leave to issue a subpoena to the Internet Service Provider ("ISP") who provided Internet service to the identified IP address. (ECF No. 5.) On June 22, 2012, the Court granted Plaintiff's request to serve non-party subpoenas on the ISP provider of the unknown infringer associated with the IP address 98.214.106.230. (ECF No. 8.)

Pursuant to the Court's order, Plaintiff issued a subpoena to the ISP who provided Internet service to the IP address over which the infringement occurred. After the ISP provided notice to its subscriber, Plaintiff amended its complaint on November 16, 2012 to name Gerald L. Glover, III as the Defendant in this action. (ECF No. 15.)

A summons was issued to Defendant Glover on November 16, 2012, via personal service, informing him of this lawsuit and explaining that if he failed to respond with an answer or motion within 21 days, judgment by default will be entered against him. (*see* Declaration of Matthew E. Dumas [hereinafter "Dumas Decl."] ¶ 3, attached hereto as Exhibit A). Plaintiff served Defendant Glover with the summons and amended complaint through personal service by a private process server on November 16, 2012. (*see* Dumas Decl. ¶ 3; and ECF No. 17.)

As of February 26, 2013 Defendant Glover has not responded, either through an answer or a motion, to Plaintiff's amended complaint. Plaintiff filed a request for the Clerk of Court to enter default against Defendant Glover on the ground that he failed to appear or otherwise respond to Plaintiff's amended complaint within the time prescribed by FRCP Rule 12(a). The

Clerk of Court entered default on February 19, 2012. (ECF No. 22.) Because Defendant Glover

still has not responded, either through an answer or a motion, to Plaintiff's amended complaint,

Plaintiff submits this motion for default judgment against him.

## II.   ARGUMENT

This section consists of four parts. Part A sets forth the standard for default judgment.

Part B argues that Plaintiff has established Defendant Glover's liability. Part C argues that

Plaintiff is entitled to collect statutory damages as a result of damage caused by Defendant

Glover's actions. Part D argues that Plaintiff is entitled to collect attorneys' fees as a result of

Defendant Glover's actions.

### A.  Standards for Default Judgment.

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a

party's default "[w]hen a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R.

Civ. P. 55(a). Generally, a "default judgment establishe[s], as a matter of law, that defendant[]

[is] liable to plaintiff as to each cause of action alleged in the complaint." *Dundee Cement Co. v.*

*Howard Pipe & Concrete Prod.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg.*

*Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982) (second and third alterations

added)). In defaulting, "the well-pleaded allegation of a complaint relating to liability are taken

as true." *Id.*

Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P.

55(b). If the facts in the complaint are sufficient to establish liability, then the court must conduct

an inquiry to ascertain the amount of damages. *Dundee Cement Co.*, 722 F.2d at 1323; *see Pope*

*v. United States*, 323 U.S. 1 (1944). Damages may be awarded if the record adequately reflects

the basis for the award via a hearing or a demonstration of detailed affidavits establishing the

necessary facts. *See Dundee Cement Co.*, 722 F.2d at 1323 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977); *Eisler v. Stritzler*, 535 F.2d 148 (1st Cir. 1976); *Magette v. The Daily Post*, 535 F.2d 856 (3d Cir. 1976); *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974). This process is limited by Rule 54, which states that õ[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.ö Fed. R. Civ. P. 54(c).

**B. Plaintiff has Established Defendant Glover's Liability**

Plaintiff has established that Defendant Glover is liable for its claims of copyright infringement and contributory infringement. Plaintiff addresses each claim in greater detail below.

**1. Plaintiff has established Defendant Glover's liability for copyright infringement.**

Plaintifføs pleadings establish Defendant Gloverøs liability for copyright infringement. õTo establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.ö *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regards to the first element, in its amended complaint Plaintiff alleged that õPlaintiff owns the copyright to the Video.ö (ECF No. 15 ¶ 18.) Plaintiff further alleged that õPlaintiff has applied for and received a certificate of copyright registration for the Video from the United States Copyright Office.ö (*Id.* ¶ 19.) The registration number for the Plaintifføs Video is PA0001794007. (*Id.*)

Further, in judicial proceedings, a õcertificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.ö 17 U.S.C. § 410(c) (1977). Plaintifføs

4

registration of its copyright meets this requirement and establishes prima facie evidence of a valid copyright. (ECF No. 15 ¶ 18). Once Plaintiff produced the certificate of copyright, the burden shifted to Defendant to demonstrate why the claim of copyright is invalid. *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1065 (7th Cir. 1994) (citing *Rand McNally & Co. v. Fleet Mgmt. Sys. Inc.*, 591 F. Supp. 726, 737 (N.D. Ill. 1983)). Because Defendant failed to answer Plaintiff's amended complaint or otherwise response, he failed to rebut this presumption.

In regards to the second element, Plaintiff alleged that Defendant is a serial infringer of copyrights in adult content who, using IP address 98.214.106.230, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client and entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties. (*See* ECF No. 15 ¶ 4.) Plaintiff further alleged the specific date and time at which Plaintiff observed the infringement. (*Id.*) (identifying the Defendant's time of infringement as January 19, 2012, 18:57:19 (UTC)). Finally, Plaintiff alleged that "Defendant's and his joint tortfeasors' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act." (*Id.* ¶ 26.)

Once a court has determined that a defendant is in default, the Court must accept these well-pleaded allegations as true. *Bohlen v. Tilden & Tilden*, Case No. 2:05-cv-043 (N.D. Ind. Feb. 20, 2007) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993)); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F. Supp. 2d 762 (N.D. Ind. 2008). Based on Plaintiff's allegations both elements for copyright infringement have been established. Plaintiff, therefore, has established Defendant Glover's liability for copyright infringement.

### 2.   Plaintiff has established Defendant Glover's liability for Civil Conspiracy

To establish a claim of civil conspiracy, Plaintiff must show õa combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties ‡to inflict wrong against or injury upon another,ø and ‡an overt act that results in damage.öö *Hampton v. Hanrahan*, 600 F. 2d 600 620-21 (7th Cir. 1979) (quoting *Rotermund v. United States Steel Corp.*, 474 F.2d 1139 (8th Cir. 1973) (citation omitted)). It is not necessary for the Plaintiff to õprovide direct evidence of the agreement between the conspirators; ‡[c]ircumstantial evidence may provide adequate proof of conspiracy.øö *Id.* (quoting *Hoffman-LaRoche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971)). Similarly, Plaintiff õneed not prove that each participant in a conspiracy knew the ‡exact limits of the illegal plan or the identity of all participants therein.øö *Id.* As such, õ[a]n express agreement among all the conspiratorsö is not necessary; only that õ[t]he participants in the conspiracy must share a general conspiratorial objective . . . .ö *Id.* In summary, for a Plaintiff to succeed in a civil conspiracy claim, Plaintiff simply have to show that there was õa single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences.ö *Id.* (quoting *Hoffman-LaRoche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971)).

Plaintifføs pleadings establish Defendant Gloverøs liability for civil conspiracy. Plaintiff alleged that õDefendant and his joint tortfeasors engaged in a concerted action with other yet unnamed individuals to reproduce and distribute Plaintifføs Video by exchanging pieces of the Video file in the torrent swarm with their peers.ö (ECF No. 15 ¶ 33.) Plaintiff further alleged that õ[p]articipants in the torrent swarm have conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a

complete copy of the file.ö (*Id.* ¶ 35.) Plaintiff has established Defendant Gloverøs liability for

civil conspiracy by showing that Defendant and his joint tortfeasors participated in a concerted

action with a single plan with the same objectiveô  to obtain a full unlawful copy of Plaintifføs

Videoô  the essential nature and general scope of which was known to each of the participants

including the Defendant.

### 3. Plaintiff has established Defendant Glover's liability for contributory infringement.

Plaintifføs pleadings establish Defendant Gloverøs liability for contributory infringement.

District courts in the Seventh Circuit have stated that a contributory infringement arises when

one, with knowledge of the infringing activity, õinduces, causes or materially contributes to the

infringing conduct of another.ö *Dwyer Instruments Inc. v. Sensocon Inc.*, Case No. 3:09-CV-10-

TLS (N.D. In. June 5, 2012) (quoting *Microsoft Corp. v. Ram Distrib., LLC*, 625 F. Supp. 2d

674, 682 (E.D. Wis, 2008)); *see also Marobie-FL, Inc. v. National Ass'n of Fire Equip. Distribs.*

*and Nw. Nexus, Inc.*, 983 F. Supp. 1167, 1178 (N.D. Ill. 1997); *Century Consultants, Ltd. v.*

*Miller Group, Inc.*, Case No. 03-3105 (C.D. Ill. Feb. 6, 2008). Plaintiff alleged that Defendant

õknew of the infringement, w[as] conscious of [his] own infringement, and Defendant . . . [was]

fully conscious that [his] actions resulted in multiple other persons derivatively downloading the

file containing Plaintifføs Video.ö (ECF No. 15 ¶ 42.) Plaintiff further alleged that õ[t]he

infringement by the other BitTorrent users could not have occurred without Defendantøs . . .

participation in uploading Plaintifføs copyrighted works. As such, Defendantøs . . . participation

in the infringing activities of others is substantial and contributed, for profit, to the infringing

activity of thousands of other peers over the Internet across the world.ö (*Id.* ¶ 43.) Therefore,

Plaintiff has established that Defendant had knowledge of the infringing activities and materially

contributed to the infringement conduct of others. Plaintiff has established Defendant Glover's

liability for contributory infringement.

### C. Plaintiff is Entitled to Recover Statutory Damages as a Result of Defendant Glover's Actions

Because Plaintiff's well-pled complaint establishes Defendant Glover's liability, Plaintiff

must now set forth the damages caused by his actions. *Bohlen v. Tilden & Tilden*, Case No. 2:05-

cv-043 (N.D. Ind. Feb. 20, 2007) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*

*Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)); *see also Pope v. United States*, 323 U.S. 1, 12 (1944).

The Copyright Act permits copyright owners to obtain statutory damages for the infringement of

their copyrighted work. 17 U.S.C. § 504. This is applicable to both claims of copyright

infringement and contributory infringement. *See Dwyer Instruments Inc. v. Sensocon Inc.*, Case

No. 3:09-cv-10-TLS (N.D. Ind. June 5, 2012). The copyright holder may seek "a sum of not

more than $150,000" if the "infringement was committed willfully." 17 U.S.C. § 504 (c)(2).

Plaintiff sought statutory damages in its amended complaint. (ECF No. 15 p. 10) ("Judgment in

favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17

U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial.")

A court can reduce the statutory award if the "infringer was not aware and had no reason

to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504 (c)(2).

Further, a court should remit the statutory damages where the:

> infringer believed and had reasonable grounds for believing that
> his or her use of the copyrighted work was a fair use under section
> 107, if the infringer was: (i) an employee or agent of a nonprofit
> educational institution, library, or archives acting within the scope
> of his or her employment who, or such institution, library, or
> archives itself, which infringed by reproducing the work in copies
> or phonorecords; or (ii) a public broadcasting entity which or a
> person who, as a regular part of the nonprofit activities of a public
> broadcasting entity (as defined in section 118(f)) infringed by

> performing a published nondramatic literary work or by
> reproducing a transmission program embodying a performance of
> such a work.

*Id.*

In the instant case, the infringement has been committed willfully as Defendant Glover was aware or should have been aware of the infringement. (ECF No. 15 ¶ 27-28) (õDefendantøs conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintifføs rights.ö); (*id.* ¶ 20) (õThe torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.ö); (*id.* ¶ 42) (õDefendant and his joint tortfeasors knew of the infringement, were each conscious of their own infringement, and Defendant and his joint tortfeasors were fully conscious that their actions resulted in multiple other persons derivatively downloaded the file containing Plaintifføs Video.ö). Further, due to the nature of Plaintifføs copyrighted work, Defendant Glover was not acting within the scope of his employment at a nonprofit organization or part of the activities of a nonprofit organization. Therefore, the Court should neither reduce nor remit the statutory damages of $150,000.

### D. Plaintiff is Entitled to Recover Attorneys' Fees and Costs as a Result of Defendant Glover's Actions

The Copyright Act permits the court to recover õfull costsö and õa reasonable attorneyøs fee to the prevailing party as part of the costs.ö 17 U.S.C. § 505. Awarding attorneysø fees addresses the goals of the Copyright Act, one of them being to discourage infringement, because it enables rights holders to vindicate or defend their rights. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Plaintiff sought attorneysø fees and costs in its amended complaint. (ECF No. 15 p. 11) (õJudgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneysø fees, litigation expenses (including fees and costs of expert witnesses), and other costs

of this action.ö). When awarding attorneysøfees under the Copyright Act, the Court must initially decide whether awarding attorneysøfees are appropriate, considering such things as the motivation, objective reasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535.

Here, Defendant Gloverøs actions demonstrate a blatant disregard for Plaintifføs rights by, inter alia, failing to respond to numerous notices of his actions. Additionally, Plaintiff has expended considerable amounts of time and money to create its copyrighted motion picture, and now, to protect it. Plaintiff has been severely and negatively impacted by the activities of Defendant Glover and individuals he helped to reproduce and distribute Plaintifføs work free of charge. Therefore, awarding Plaintiff attorneysøfees and costs is appropriate under the Copyright Act.

As a result of Plaintifføs prosecution of this case against Defendant Glover, Plaintiff has incurred attorneyøs fees and costs for which it requests their inclusion in the default judgment. (*See* Dumas Decl. ¶¶ 5-6.) Specifically, Plaintiff requests $1,000 in attorneyøs fees and $425 in costs. (*Id.*) Therefore, the Court should award Plaintiff cost and fees in the amount of $1,425.

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendant Glover for damages in the amount of $151,425. As Plaintiff has demonstrated, Defendant Glover infringed on Plaintifføs copyrighted work and contributed to the infringement of Plaintifføs copyrighted motion picture by numerous individuals.

Respectfully submitted,

By:    /s/ Matthew E. Dumas
        Matthew E. Dumas, Esq., #24596-49
        HOSTETTER & O¢HARA
        515 N. Green Street, Suite 200
        Brownsburg, IN 46112-2115
        Phone: 317-852-2422
        Fax: 317-852-3748
        E-mail: matt@hostetter-ohara.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court¢s CM/ECF system. In addition, a copy of the foregoing was mailed to Defendant Gerald L. Glover, III by First Class U.S. mail postage prepaid consistent with the Federal Rules of Civil Procedure at the following last known residential address:

Gerald L. Glover, III
5846 Hartle Drive
Indianapolis, IN 46216

        /s/ Matthew E. Dumas
        MATTHEW E. DUMAS